THE HONORABLE DAVID W. CHRISTEL

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - AT SEATTLE

FU ZHOU,

   Plaintiff,

   v.

PEOPLE CENTER, INC. d/b/a RIPPLING, and RIPPLING PEO 1, INC.,

   Defendants.

NO. 2:25-cv-00761-DWC

**DEFENDANTS' REPLY TO DEFENDANTS MOTION TO COMPEL ARBITRATION**

**NOTE ON MOTION CALENDAR:**
*June 24, 2025*

## I.   INTRODUCTION

Plaintiff does not dispute that she signed a binding Mutual Agreement to Arbitrate ("Agreement") with her employer. She does not claim that this Agreement was unconscionable, misleading, or invalid. Instead, she contends that signing a second arbitration agreement with Rippling's PEO voids the first – and also renders the second agreement unenforceable. That argument has no support in law or logic. Plaintiff's position requires Court to do three unique things: 1) accept a novel contract argument that signing two arbitration agreements must mean neither can be enforced; 2) focus on the terms of an arbitration agreement Defendants do not seek to enforce (without showing any substantive unconscionability); and 3) overlook binding precedent under the Federal Arbitration Act. Plaintiff cites no relevant legal authority to support

DEFENDANTS' REPLY TO MOTION TO COMPEL ARBITRATION (2:25-cv-00761-DWC) - PAGE 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 55311743.9

her untenable argument. The Agreement is valid, and Washington law and the FAA requires it to be enforced. The Court should grant Defendants' Motion to Compel Arbitration.

## II. AUTHORITY AND ARGUMENT

### A. An Arbitration Agreement is a Contract, and It Must Be Enforced Absent a Valid Contract Defense.

The Federal Arbitration Act (FAA) "reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67, 13 (2010). As a result, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a court is "satisfied that the making of the agreement for arbitration ... is not in issue," it must send the dispute to an arbitrator. § 4. It is black letter law that courts apply state-law principles of contract formation and interpretation to determine whether parties have agreed to arbitration. *Holl v. U.S. Dist. Court (In re Holl),* 925 F.3d 1076, 1083 (9th Cir. 2019). Plaintiff does not claim meaningful contract defenses: just a novel argument that two executed arbitration agreements show procedural unconscionability or no "meeting of the minds" regarding arbitration. These fail.

### B. Plaintiff's Claims Arbitrable Under the Agreement.

Plaintiff's arguments regarding whether the Court or the arbitrator must decide whether her claims are arbitrable is a red herring and a distinction without a difference. Plaintiff admitted she executed the Agreement that Defendants moved to enforce. Plaintiff concedes that the Agreement with Rippling (and the second agreement) concerns employment claims Plaintiff has asserted in her Complaint. She does not even argue, let alone establish, that her claims fall outside the Agreement's scope, so whether her claims are "arbitrable" is not even at issue.

Instead, she relies on *Coinbase, Inc. v. Suski*, 602 U.S. 143, 143–44 (2024) to argue that that because she signed a second, separate arbitration agreement with Rippling PEO, this somehow invalidates the Agreement with her employer, Rippling. Plaintiff's reliance on *Suski* misplaced. *Suski* involved a class action suit where users of a cryptocurrency exchange platform

DEFENDANTS' REPLY TO MOTION TO COMPEL
ARBITRATION (2:25-CV-00761-DWC) - PAGE 2

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 55311743.9

entered two separate contracts (a user agreement and an official rules agreement for a promotional sweepstakes) with the *same* entity. 602 U.S. at 143. Unlike here, only the first contract called for arbitration (and had a delegation clause), while the second specified California courts as the forum. Only because of *that* situation had the Ninth Circuit below considered the issue of whether "[a] contract containing a forum selection clause supersedes an arbitration agreement where "the forum selection clause[ ] ... sufficiently demonstrate[s] the parties' intent to do so." *Suski v. Coinbase, Inc*., 55 F.4th 1227, 1230 (9th Cir. 2022), aff'd, 602 U.S. 143 (2024) (internal quotation omitted). In other words, the sole issue before the Supreme Court was whether it was for the court to decide whether the second contract, which did not contain an arbitration clause, invalidated the first. *See Suski*, 602 U.S. at 152.

This case is very different. "Arbitration is strictly a matter of consent." *Lamps Plus, Inc. v. Varela,* 587 U.S. 176, 184 (2019) (quotation omitted). Defendants moved to enforce the Agreement with her employer, Rippling. Plaintiff admits she executed the Agreement. She does not deny she agreed to arbitrate – only The Agreement with her PEO also requires arbitration, even assuming that the PEO is not covered by the employer's agreement (which it is). She does not deny she agreed to arbitrate – only pointing out some different forum procedures in the second agreement. Even if the Court believes it should determine arbitrability of Plaintiff's claims, the result is the same. The claims in this matter are undoubtedly subject to arbitration. Plaintiff's claims solely arise from her employment and termination from Rippling.

**C. Washington Law, the FAA, and the Agreement All Show Plaintiff is Contractually Obligated to Arbitrate Her Claims.**

The second contract at issue here is another arbitration agreement (referred to as Agreement Two by Plaintiff), but between Plaintiff and her employer's PEO, Rippling PEO, a codefendant in this matter. Even the most generous interpretation of Plaintiff's argument does not justify denying Defendants' Motion altogether. At best, Plaintiff could argue there should be two separate arbitrations. But that makes little practical or legal sense. Defendants moved to

DEFENDANTS' REPLY TO MOTION TO COMPEL ARBITRATION (2:25-CV-00761-DWC) - PAGE 3

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 55311743.9

1  compel arbitration based on her Agreement with her employer, Rippling (which is also the party
2  she served first). That Agreement's plain language shows that her claims against Rippling PEO
3  should also be arbitrated under that Agreement. It states that related entities are subject to its
4  provisions, including the following: all affiliates, successors, subsidiaries, assigns or parent
5  companies (each of which are third-party beneficiaries of this Agreement).[1] Plaintiff
6  acknowledges this language exists in her Opposition, and she herself claims that Rippling PEO
7  is a joint employer based on its performance of human resource functions for Rippling.[2] Even
8  if it were not clear from the Agreement and her allegations that Rippling PEO, a third party that
9  is not a signatory to an arbitration agreement can nevertheless enforce it when the claims against
10 the nonsignatory are intimately intertwined with the underlying agreement. *Norwood v.
11 MultiCare Health Sys.*, 31 Wn.App. 2d 325, 339 (2024). Plaintiff's Complaint makes the exact
12 same claims against both Defendants, and she fails to state any distinct claims or issues
13 pertaining to the PEO in her Opposition.[3] Because the claims are identical and concern
14 Plaintiff's employment with Rippling, it only makes sense to have both Defendants subject to
15 the same arbitration proceedings.

16 **D. There was a Meeting of the Minds Relating to the Agreement.**

17 Plaintiff's sole argument that there was no "meeting of the minds" regarding arbitration
18 despite of the Agreement between her and her employer, Rippling, is that she signed a second,
19 separate arbitration agreement with Rippling PEO. She fails to explain how agreeing to arbitrate
20 with each Defendant must mean she failed to agree to arbitrate with both. Her position is
21 illogical. The authority she cites is nonbinding and unpersuasive.

---

[1] ECF No. 15 at 7 (Paragraph 1).

[2] ECF No. 1-2 ¶ 7.

[3] Plaintiff states that Rippling PEO did not submit a corporate disclosure statement prior to filing the Motion, but she fails to mention she did not serve Rippling PEO until well after she served Rippling. This argument is without consequence. The PEO is an affiliate of Rippling.

DEFENDANTS' REPLY TO MOTION TO COMPEL
ARBITRATION (2:25-CV-00761-DWC) - PAGE 4

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 55311743.9

To allege there is no meeting of this minds, Plaintiff relies on out of circuit authority case from the Tenth Circuit Court of Appeals applying Colorado law that had very different facts, *Ragab v. Howard*, 841 F.3d 1134, 1137 (10th Cir. 2016). Plaintiff stretches to make this case analogous.  It is not. *Ragan* concerned six different contracts signed between the *same* parties: 1) Purchase Agreement; 2) Operating Agreement; 3) Assignment Agreement; 4) Employment Agreement; 5) Consulting Agreement; 6) Non-Circumvention Agreement. *Id.* at 1136.  In these agreements between the same plaintiff and defendants, each had separate conflicting arbitration provisions buried in the agreements that dealt with different subject matters. *Id*. at 1136.  The key differences were which party was responsible for arbitration costs, the day by which the parties had to give the other notice, and whether attorney fees were recoverable. Applying Colorado state law principles, the 10th Circuit found that there was no agreement on "essential" terms because of these "conflicting details" and none of the agreements contained a merger clause. *Id.* at 1138.

Here, there is only one Agreement between her employer, Rippling, and Plaintiff. There is only one Agreement that Defendants seek to enforce. All the terms Rippling has moved to enforce are in the same Agreement, not spread out among multiple agreements that concern different subject matters. Rippling has never requested or required Plaintiff to modify her Agreement. As set out in Section E, the terms Plaintiff purports are "conflicting" between the Agreement and the agreement with the PEO are neither substantive, nor irreconcilable differences. These facts all distinguish this matter from *Ragan*.[4]  The Agreement is valid.

---

[4] The cases *Ragab* cited further underscore it is unpersuasive. *Id.* at 1138, n 3. They also do not particularly stand for the proposition cited. In *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Lit*ig., 838 F.Supp.2d 967, 973, 992 (C.D. Cal. 2012), the California court considered multiple agreements on different subjects (e.g., lease or purchase agreement), some of which did not contain binding arbitration provisions in the context of a customer claims concerning defective vehicles.  It held that the manufacture did not have the right to enforce the arbitration agreement the customer signed with the Toyota dealers. In *Basulto v. Hialeah Auto.,* 141 So.3d 1145, 1156 (Fla. 2014), the court declined to enforce customer arbitration agreements where the car buyer could not communicate in English,

DEFENDANTS' REPLY TO MOTION TO COMPEL ARBITRATION (2:25-cv-00761-DWC) - Page 5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 55311743.9

**E. The Agreement is not Procedurally Unconscionable.**

Plaintiff's other arguments regarding the two "different" agreements also make little sense. Plaintiff's only other argument is procedural unconscionability, but Plaintiff does not make that argument as to the presentation of her agreement with her employer. Rather, she novelly claims that signing the arbitration Agreement with her employer and a second with its PEO means there was procedural unconscionability as to the former's formation. That fails to meet the legal test. Procedural unconscionability applies to impropriety during the formation of the contract. *Nelson v. McGoldrick*, 127 Wn.2d 124, 131 (1995). To determine whether an agreement is procedurally unconscionable, courts examine the following factors: (1) the manner in which the contract was entered; (2) whether there was a reasonable opportunity to understand the terms of the contract; and (3) whether important terms were hidden in a maze of fine print. *Burnett v. Pagliacci Pizza, Inc.*, 196 Wn.2d 38, 54 (2020). Plaintiff does not address any of the *Burnett* factors despite citing the case. That is because she cannot meet them. Plaintiff executed the Agreement with Rippling weeks before she began her employment with it. She had roughly three weeks to review the Agreement.[5] The Agreement even included language for her to seek counsel. The terms were not buried in a maze of text or hidden in other documents. The Agreement is specifically a "Mutual Agreement to Arbitrate." The Agreement addresses no other subject matter.[6]

Plaintiff's other challenges also do not present bases to invalidate the contract with her employer based on procedural unconscionability. For example, she claims that her Agreement with Rippling and the one with the PEO have "conflicting terms."[7] Assuming arguendo Plaintiff

---

but the agreements were in English. The court also emphasized that the "clauses themselves were inconsistent as to remedies available and contemplated different remedies for which terms and conditions were irreconcilable with each other." *Id.*

[5] ECF No. 14 at 4:10-18.

[6] ECF No. 15 at 7.

[7] ECF No. 22 at 5:7-6:9.

DEFENDANTS' REPLY TO MOTION TO COMPEL
ARBITRATION (2:25-CV-00761-DWC) - PAGE 6

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 55311743.9

is trying to make a substantive unconscionability argument as to terms in the Agreement with her employer, it also fails. The Agreement is substantively not unconscionable. Plaintiff cites no case law to support that any of the terms in her Agreement are unconscionable, let alone why they could not be severed even if they were. The terms are not unconscionable. For example:

- Plaintiff cites no specific American Arbitration Association ("AAA") Rule as substantively unconscionable. Even assuming AAA rules are unconscionable (they are not), Defendants will agree to application of FRCPs and the FREs to the arbitration, which moots any challenge on this basis. *Zuver v. Airtouch Commc'ns, Inc.,* 153 Wn.2d 293, 310 (2004).

- As for her argument there is no right of appeal, the FAA does provide a right of appeal on arbitration awards. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 87, 121 (2000); *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117-11120 (9th Cir. 2020). That is available to both parties.

- The delegation of arbitrability issue is meaningless here as explained above.

- Plaintiff incorrectly implies she has no input into the arbitrator selection process under the Agreement with Rippling. The relevant AAA rule for employment disputes, R13(b), provides a procedure by which the parties either agree to an arbitrator on AAA's Employment Panel or if they cannot agree, each party has the opportunity to object and strike names as well as rank remaining names in order of preference.[8] The only requirement in the Agreement is that the arbitrator must be an attorney experienced in employment law disputes or a retired judge.

- Plaintiff oddly points out that her agreement with the PEO has no "information on how arbitration costs will be allocated,"[9] but: (1) Defendants moved to

---

[8] https://www.adr.org/rules-forms-and-fees/fetch?Category=Employment .

[9] ECF No. 22 at 6-12.

DEFENDANTS' REPLY TO MOTION TO COMPEL
ARBITRATION (2:25-CV-00761-DWC) - PAGE 7

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 55311743.9

enforce only the Agreement with Rippling, which (2) Plaintiff admits requires Defendants to pay all costs and expenses unique to arbitration.[10]

In short, Plaintiff has failed to show she is denied any substantive right or that the entire Agreement with her employer Rippling is substantively unconscionable.

### III. CONCLUSION

Plaintiff's Opposition fails to state a valid reason why this Court must not compel arbitration. The Agreement is valid and enforceable. Plaintiff's claims fall under the purview of the Agreement. For these reasons, this Court should grant Defendants' Motion to Compel Arbitration and stay these proceedings.

RESPECTFULLY SUBMITTED this 24th day of June, 2025.

FISHER & PHILLIPS LLP

By: s/ Catharine M. Morisset
Catharine Morisset, WSBA No. 29682
cmorisset@fisherphillips.com
Matthew Coughlan, WSBA No. 56583
mcoughlan@fisherphillips.com
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Phone: 206.682.2308
Fax: 206.682.7908
*Attorneys for Defendants People Center, Inc., dba Rippling and Rippling PEO I, Inc.*

*I certify that this memorandum contains 2304 words, in compliance with the Local Civil Rules.*

---

[10] ECF No. 15 at 7 (3d paragraph).

DEFENDANTS' REPLY TO MOTION TO COMPEL ARBITRATION (2:25-CV-00761-DWC) - PAGE 8

FP 55311743.9

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the laws of the state of Washington that on the date written below, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David C. Martin, WSBA No. 38325
Lisa Burke, WSBA No. 42859
MBE Law Group PLLC
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 400 – 7722
dmartin@mbelg.com
lburke@mbelg.com
*Attorneys for Plaintiff Fu Zhou*

Executed on June 24, 2025, in accordance with 28 USC 1746., at Seattle, Washington.

_____
Jazmine Matautia

CERTIFICATE OF SERVICE
(2:25-CV-00761-DWC) - PAGE 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 55311743.9