The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FU ZHOU, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>PEOPLE CENTER, INC. d/b/a RIPPLING, a Delaware corporation, and RIPPLING PEO 1, INC., a Florida corporation,<br><br>    Defendants. | Case No. 2:25-cv-00761-BJR<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

## I.    INTRODUCTION

This matter is before the Court on the Motion to Compel Arbitration, Dkt. No. 14, filed by People Center, Inc. d/b/a Rippling ("Rippling"), and Rippling PEO 1, Inc. ("PEO") (collectively, "Defendants"). Having fully considered the materials and the relevant legal authorities, the Court grants in part Defendants' Motion. The reasoning for the Court's decision follows.

## II.    BACKGROUND

Plaintiff Fu Zhou is a former employee of Rippling. Defs.' Mot. at 1; Frey Decl. ¶¶ 7-15, Dkt. No. 15. Rippling is a software company. Frey Decl. ¶ 4. According to Defendants, PEO is a subsidiary of Rippling. *Id.* ¶ 5; Defs.' Mot. at 2; Corp. and Diversity Statement, Dkt. No. 28. As a

ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION

- 1

1  condition of employment with Rippling, Zhou signed two arbitration agreements: (1) an arbitration agreement between Zhou, Rippling, and "all [Rippling] affiliates, successors, subsidiaries, assigns or parent companies" (hereinafter, "Agreement One"), Defs.' Ex. A at 7-9, Dkt. No. 15; and (2) an arbitration agreement between Zhou, Rippling, and PEO (hereinafter, "Agreement Two"), Pl.'s Ex. A at 5-7, Dkt. No. 23. Zhou executed both agreements on the same day. Zhou Decl. ¶¶ 2-3, Dkt. No 23. Both agreements purported to apply to claims arising from the employer-employee relationship. Defs.' Ex. A at 7; Pl.'s Ex. A at 5-6.

Zhou initiated the underlying employment discrimination action in state court. Compl., Dkt. No. 1-2. Defendants removed the action to this Court. Ntc. of Removal, Dkt. No. 1. Defendants now jointly move to compel arbitration pursuant to the terms of Agreement One. Defs.' Mot.

On September 4, 2025, the Court held a hearing on Defendants' Motion. Min. Or., Dkt. No. 30. At the hearing, the Court stated that, for the reasons discussed below, it intended to grant the Motion. *Id.* The Court noted, however, that it wanted to provide the parties an opportunity to confer and attempt to reach an agreement regarding the applicable arbitration procedures. *Id.* The parties conferred but were unable to reach an agreement.

### III.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") embodies the national policy favoring arbitration. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Therefore, "[c]ourts must indulge every presumption 'in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Zuver v. Airtouch Commc'n Inc.*, 153 Wn.2d 293, 301 (2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION

- 2

Under the FAA, private agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [s]he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). "When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

### IV.   DISCUSSION

The primary issue before the Court is whether the parties have entered a valid arbitration agreement. The Agreements contain conflicting terms. For example, Agreement One provides that the arbitrator shall be an attorney experienced in arbitrating employment law disputes or a retired judge. Defs.' Ex. A at 7. Agreement Two, on the other hand, provides that the arbitrator shall be a retired judge or judge of the state court of general jurisdiction where the employee worked, or an otherwise qualified individual that the parties agree upon. Pl.'s Ex. A at 5. Additionally, Agreement One applies American Arbitration Association ("AAA") Employment Arbitration Rules. Defs.' Ex. A at 7. Agreement Two provides that the Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply. Pl.'s Ex. A at 5.

The parties do not dispute that the Agreements contain certain inconsistent terms. However, Zhou asserts that the inconsistencies pertain to "essential terms" such that there was no "meeting of the minds," while Defendants maintain that the inconsistencies are non-substantive. Pl.'s Resp. at 8-11, Dkt. No. 22; Defs.' Reply at 5, Dkt. No. 27. The Court agrees with Defendants. The essential terms of the Agreements are consistent: the signatory is required to arbitrate claims arising

ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION

- 3

from the employer-employee relationship. *Compare* Defs.' Ex. A at 7-9, *with* Pl.'s Ex. A at 5-7. Zhou signed the Agreements without objection, and the Agreements encompass the type of claim that Zhou now raises. Pl.'s Ex. A at 7; Defs.' Ex. A at 9; *Saluteen-Maschersky v. Countrywide Funding Corp.*, 105 Wn. App. 846, 851 (2001); *Hearst Commc'n, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503 (2005) ("[W]e attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties."). Reconciling the differences between the Agreements, such as the applicable procedural rules, is a matter for the arbitrator. *EEC, Inc. v. Baker Hughes Oilfield Operations, Inc.*, 460 F. App'x 731, 736 (10th Cir. 2012). This matter shall proceed to arbitration. The selection of the arbitrator shall be governed by AAA rules.

## V.    CONCLUSION

For the foregoing reasons:

1. Defendants' Motion to Compel Arbitration (Dkt. No. 14) is GRANTED in part.

2. The parties are compelled to arbitration. The selection of the arbitrator shall be governed by American Arbitration Association rules. The Court leaves remaining questions regarding the applicable procedural rules to the arbitrator.

3. This case is STAYED pending the completion of arbitration proceedings. The parties are DIRECTED to file a joint status report notifying the Court within seven days of the conclusion of that arbitration.

DATED this 10th day of September 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL ARBITRATION

- 4